2008 JUN 26  PM 2:58

FILED

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2008 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR No. 08-**00746** |
| Plaintiff, ) | I N D I C T M E N T |
| v. ) | [18 U.S.C. § 371: Conspiracy; 18 |
| ) | U.S.C. § 1343: Wire Fraud; 18 |
| ANGELA COTTON, ) | U.S.C. § 1957: Transactions in |
| TERRAL TOOLE, ) | Criminally Derived Property; 31 |
|     aka Alex Noralez, ) | U.S.C. § 5324(a)(3),(d)(1): |
| MILES DAVIS, ) | Structuring Financial |
|     aka Rafael Shaw, and ) | Transactions; 18 U.S.C. |
| LISA LIEVANOS, ) | § 1001(a)(2): False Statement; |
| ) | 18 U.S.C. § 1512(b)(3): |
| Defendants. ) | Tampering with a Witness; 18 |
| ) | U.S.C. § 2: Aiding and Abetting |
| ) | and Causing an Act to Be Done] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

A.   <u>INTRODUCTION</u>

     1.   At all times relevant to this Indictment:

          a.   Defendant ANGELA COTTON ("defendant COTTON"), was

a resident of Fontana, California, within the Central District

of California.

SYM:sym

1        b.   Todar Investments, Inc., doing business as

2   Orange Title Company, was a Nevada corporation, which purported

3   to be a title company operating out of Fontana, California.

4   Defendant COTTON was the president, treasurer, secretary, and

5   director of Todar Investments, Inc.

6        c.   American Title purported to be a title company

7   set up by unindicted co-conspirator A.M. at the direction of

8   defendant COTTON.

9        d.   Defendant TERRAL TOOLE, also known as Alex

10  Noralez ("defendant TOOLE"), was a resident of Lake Elsinore,

11  California, within the Central District of California.

12       e.   Defendant MILES DAVIS, also known as Rafael Shaw

13  ("defendant DAVIS"), was a resident of Reseda, California,

14  within the Central District of California.  Defendant DAVIS was

15  a loan processor.  As used in this Indictment, the term "loan

16  processor" refers to a person who packages loan documentation

17  for submission to financial lending institutions.

18       f.   Defendant LISA LIEVANOS ("defendant LIEVANOS"),

19  was a resident of Fontana, California, within the Central

20  District of California.  Defendant LIEVANOS was a straw buyer.

21  As used in this indictment, the term "straw buyer"

22  refers to a person who purports to be a bona-fide purchaser of

23  real property, but who does not provide the down payment for

24  the property, does not occupy the property, and only holds

25  nominal title to the property.

26       g.   As used in this Indictment, "notice of lis

27  pendens" refers to a notice filed on public records for the

28

1  purpose of warning all persons that the title to the property

2  is in dispute.

3  B.   <u>OBJECTS OF THE CONSPIRACY</u>

4      2.   Beginning on a date unknown but no later than in or

5  about December 2006, and continuing through in or about October

6  2007, in Los Angeles and San Bernardino Counties, within the

7  Central District of California, and elsewhere, defendants

8  COTTON, TOOLE, DAVIS, and LIEVANOS, together with others known

9  and unknown to the Grand Jury, knowingly combined, conspired,

10  and agreed to commit the following offenses against the United

11  States:

12      a.   Wire Fraud by transmitting and causing to be

13  transmitted by means of wire communication in interstate

14  commerce, writings, signs, signals, pictures, and sounds for

15  the purpose of executing a scheme to defraud Argent Mortgage

16  Company, Mylor Financial, New Haven Financial, Bridgelock

17  Capital, and other financial lending institutions, as to

18  material matters, and to obtain money and property from the

19  victims by means of material false and fraudulent pretenses,

20  representations, and promises, and the concealment of material

21  facts, in violation of Title 18, United States Code, Section

22  1343; and

23      b.   Conducting and causing to be conducted monetary

24  transactions involving the proceeds of specified unlawful

25  activity, in violation of Title 18, United States Code, Section

26  1957.

27

28

C.  THE MANNER AND MEANS OF THE CONSPIRACY

3.   The objects of the conspiracy were carried out, and to be carried out, in substance, as follows:

a.   Defendant COTTON would locate properties that had notices of lis pendens, namely: (1) 5112 Lipizzan Place, Rancho Cucamonga, California ("Lipizzan property"); and (2) 7069 Isle Court, Rancho Cucamonga, California ("Isle Court property") (collectively, "properties").

b.   Defendant COTTON would find straw buyers to obtain loans to purchase the properties, knowing that the properties were not for sale.

(i)   Defendant TOOLE would provide defendant COTTON with the personal identification information of S.V. to use as a straw buyer in return for $170,500.

(ii) Defendant LIEVANOS would agree to be a straw buyer on a loan application in return for $20,000.

c.   Defendants COTTON, TOOLE, DAVIS, and LIEVANOS would submit to the financial lending institutions fraudulent applications in the names of the straw buyers to obtain loans to purchase the properties.  On each loan application, defendants COTTON, TOOLE, DAVIS, and LIEVANOS would include false employment information and would falsely verify and cause others falsely to verify the amounts of income of the named straw buyer.

d.   Defendant COTTON would sign loan applications as the mortgage broker on the loans using the name of "Tiffany

Skinner," knowing that "Tiffany Skinner" was not her true name and that she did not hold a broker's license.

e.   Defendant COTTON would recruit defendant DAVIS and unindicted co-conspirator P.E. to process the loans in the names of the straw buyers and to find financial lending institutions willing to fund the loans.

f.   Defendant COTTON would establish fraudulent escrow companies to complete the fraudulent sale transactions. Defendant COTTON would assume the alias of escrow officer "Diane Laboski" and escrow employee "Rayven Skinner" when communicating with the financial lending institutions.

g.   Defendants COTTON, TOOLE, DAVIS, and LIEVANOS would obtain the following fraudulent loans on the properties in the names of the straw buyers:

| Date Funded | Straw Buyer | Property | Financial Lending Institution | Loan Amount |
|---|---|---|---|---|
| 1/8/07 | S.V. | Lipizzan | Argent Mortgage Company | $1,264,392 |
| 3/23/07 | S.V. | Lipizzan | Mylor Financial | $1,288,758 |
| 4/13/07 | S.V. | Isle Court | New Haven Financial | $714,031 |
| 7/19/07 | Defendant LIEVANOS | Isle Court | Bridgelock Capital | $787,500 |

h.   Defendant COTTON would establish American Title and Orange Title, fraudulent title companies, to receive the fraudulent loan proceeds from the financial lending institutions.  In some dealings on behalf of American Title and Orange Title, defendant COTTON would assume the aliases of

"Tiffany Skinner" and "Joan Sumner." Defendant COTTON did not inform the financial lending institutions of the notice of lis pendens on the properties, and did not record trust deeds on the properties on behalf of the financial lending institutions after the loans were funded.

i.   As a result of the conspiracy, defendant COTTON obtained approximately $4 million from financial lending institutions. Defendant COTTON did not pay off the existing liens on the properties.

j.   Defendant COTTON used the approximately $4 million in loan proceeds to fund her lavish lifestyle, shopping sprees, and gambling.

k.   Defendant COTTON also used the loan proceeds to pay defendant TOOLE; defendant DAVIS; defendant LIEVANOS; and other unindicted co-conspirators, including P.E., a loan processor; W.S., an appraiser; T.W., a notary; and I.P., a relative of one of the disputed owners of the properties, in connection with their roles in the conspiracy.

D.   OVERT ACTS

4.   In furtherance of the conspiracy, and to accomplish its objects, defendants COTTON, TOOLE, DAVIS, and LIEVANOS, together with others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, in the Central District of California and elsewhere:

<u>Loan from Argent Mortgage Company for the Lipizzan Property</u>

<u>Funded on January 8, 2007 ("Lipizzan Loan #1")</u>

<u>Overt Act No. 1</u>:

On or about December 29, 2006, defendants COTTON and TOOLE caused a Uniform Residential Loan Application ("URLA") and supporting documentation, which falsely stated that the applicant was S.V. and which contained other false information, to be submitted to Argent Mortgage Company for a loan in the amount of $1,264,392 for the purchase of the Lipizzan property.

<u>Overt Act No. 2</u>:

On or about December 29, 2006, defendants COTTON and TOOLE caused a false verification of employment for S.V. from Montajz Magazine, a company owned by defendant TOOLE, dated December 13, 2006, to be submitted with the URLA for Lipizzan Loan #1.

<u>Overt Act No. 3</u>:

On or about December 29, 2006, defendant COTTON caused the deed of trust to be notarized in connection with Lipizzan Loan #1.

<u>Overt Act No. 4</u>:

On or about January 8, 2007, defendant COTTON caused Argent Mortgage Company to wire $1,264,392, the loan proceeds from Lipizzan Loan #1, to American Title's Bank of America account, XXXXX-X4667.

<u>Overt Act No. 5</u>:

On or about February 2, 2007, defendant COTTON caused $70,500 in loan proceeds from Lipizzan Loan #1 to be wired to

1 | Wells Fargo Bank account number XXXXXX7245, held in the name of
2 | B.G., for the benefit of defendant TOOLE.

3 |     <u>Overt Act No. 6</u>:

4 |     On or about February 16, 2007, defendant COTTON caused
5 | $50,000 in loan proceeds from Lipizzan Loan #1 to be wired to
6 | Wells Fargo Bank account number XXXXXX7245, held in the name of
7 | B.G., for the benefit of defendant TOOLE.

8 | <u>Loan from Mylor Financial for the Lipizzan Property Funded on</u>

9 | <u>March 23, 2007 ("Lipizzan Loan #2")</u>

10 |     <u>Overt Act No. 7</u>:

11 |     On or about March 21, 2007, defendants COTTON and TOOLE
12 | caused a URLA and supporting documentation, which falsely
13 | stated that the applicant was S.V. and which contained other
14 | false information, to be submitted to Mylor Financial for a
15 | loan in the amount of $1,288,758 for the purchase of the
16 | Lipizzan property.

17 |     <u>Overt Act No. 8</u>:

18 |     On or about March 21, 2007, defendants COTTON and TOOLE
19 | caused a false verification of employment for S.V. from Montajz
20 | Magazine, a company owned by defendant TOOLE, dated March 15,
21 | 2006, to be submitted with the URLA for Lipizzan Loan #2.

22 |     <u>Overt Act No. 9</u>:

23 |     On or about March 21, 2007, defendant COTTON caused the
24 | deed of trust to be notarized in connection with Lipizzan Loan
25 | #2.

26
27
28

Overt Act No. 10:

On or about March 23, 2007, defendant COTTON caused Mylor Financial to wire $1,288,758, the loan proceeds from Lipizzan Loan #2, to Orange Title's Bank of America account, XXXXX-X8121.

Overt Act No. 11:

On or about March 26, 2007, defendant COTTON caused $50,000 in loan proceeds from Lipizzan Loan #2 to be wired to Wells Fargo Bank account number XXXXXX7245, held in the name of B.G., for the benefit of defendant TOOLE.

Loan from New Haven Financial for the Isle Court Property
Funded on April 13, 2007 ("Isle Court Loan #1")

Overt Act No. 12:

On or about April 12, 2007, defendants COTTON, TOOLE, and DAVIS caused a URLA and supporting documentation, which falsely stated that the applicant was S.V. and which contained other false information, to be submitted to New Haven Financial for a loan in the amount of $714,031 for the purchase of the Isle Court property.

Overt Act No. 13:

On April 10, 2007, defendant COTTON caused the deed of trust to be notarized in connection with Isle Court Loan #1.

Overt Act No. 14:

On April 13, 2007, defendant COTTON caused New Haven Financial to wire $1,288,758, the loan proceeds from Isle Court Loan #1, to Orange Title's Bank of America account, XXXXX-X8121.

<u>LIEVANOS Loan from Bridgelock Capital for the Isle Court</u>
<u>Property Funded on July 19, 2007 ("LIEVANOS Isle Court Loan")</u>

<u>Overt Act No. 15</u>:

On or about July 13, 2007, defendants COTTON, DAVIS, and LIEVANOS caused a URLA naming defendant LIEVANOS as the applicant and supporting documentation, which contained false information and a copy of the driver's license of defendant LIEVANOS, to be submitted to Bridgelock Capital for a loan in the amount of $787,500 for the purchase of the Isle Court property.

<u>Overt Act No. 16</u>:

In or about July 2007, defendant DAVIS processed the LIEVANOS Isle Court Loan, three months after he had processed Isle Court Loan #1 in the name of S.V., knowing that S.V. was not the seller of the Isle Court property to defendant LIEVANOS.

<u>Overt Act No. 17</u>:

On or about July 13, 2007, defendants COTTON and DAVIS caused a false verification of employment for defendant LIEVANOS from Ace Financial, a company owned by defendant COTTON, dated July 12, 2007, to be submitted with the URLA for the LIEVANOS Isle Court Loan.

<u>Overt Act No. 18</u>:

On or about July 13, 2007, defendant COTTON caused the deed of trust to be notarized in connection with the LIEVANOS Isle Court loan.

1    Overt Act No. 19:

2    On or about July 19, 2007, defendant COTTON caused

3    Bridgelock Capital to wire $787,500, the loan proceeds from the

4    LIEVANOS Isle Court Loan, to Orange Title's Bank of America

5    account, XXXXX-X8121.

6    Overt Act No. 20:

7    On or about July 19, 2007, defendant COTTON caused $38,250

8    in loan proceeds from the LIEVANOS Isle Court Loan to be

9    transferred to Bank of America account number XXXXX-X1172, held

10   in the name of defendant DAVIS.

11   Overt Act No. 21:

12   On or about July 23, 2007, defendant COTTON, using the

13   alias of "Rayven Skinner" and claiming to be from Executive

14   Escrow, emailed a representative of Bridgelock Capital and

15   stated that she would be mailing, via overnight carrier, the

16   lender's fees and loan documentation.

17   Overt Act No. 22:

18   On or about July 26, 2007, defendant COTTON purchased a

19   $20,000 cashier's check payable to defendant LIEVANOS with a

20   portion of the loan proceeds from the LIEVANOS Isle Court Loan.

21   ///

22   ///

23   ///

24

25

26

27

28

1  COUNTS TWO THROUGH FIVE

2  [18 U.S.C. §§ 1343, 2]

3  　　　5.   The Grand Jury hereby repeats and realleges

4  paragraphs 1 and 3(a)-(j) of this Indictment as if fully set

5  forth herein.

6  A.   SCHEME TO DEFRAUD

7  　　　6.   Beginning on a date unknown but no later than in or

8  about December 2006, and continuing through in or about July

9  2007, in Los Angeles and San Bernardino Counties, within the

10  Central District of California, and elsewhere, defendants

11  ANGELA COTTON, TERRAL TOOLE, MILES DAVIS, and LISA LIEVANOS, as

12  set forth below, together with others known and unknown to the

13  Grand Jury, knowingly and with intent to defraud, devised,

14  participated in, and executed a scheme to defraud the financial

15  lending institutions listed below as to material matters, and

16  to obtain money and property from the listed financial lending

17  institutions by means of material false and fraudulent

18  pretenses, representations, and promises, and the concealment

19  of material facts.

20  　　　7.   The scheme to defraud is described in greater detail

21  in paragraphs 1 and 3(a)-(j) above.

22  B.   USE OF THE WIRES

23  　　　8.   On or about the dates set forth below, within the

24  Central District of California and elsewhere, defendants ANGELA

25  COTTON, TERRAL TOOLE, MILES DAVIS, LISA LIEVANOS, as set forth

26  below, for the purpose of executing the above-described scheme

27  to defraud, transmitted, willfully caused the transmission, and

28

1 aided and abetted the transmission of, the following items by

2 means of wire and radio communication in interstate and foreign

3 commerce:

| COUNT | DATE | DEFENDANTS | FINANCIAL INSTITUTION | WIRE |
|-------|------|-----------|----------------------|------|
| TWO | 1/25/07 | ANGELA COTTON and TERRAL TOOLE | Argent Mortgage | Wire transfer of $250,000 from Union Bank of California account number XXXXXX0600, in Los Angeles, California, to Bank of America account number XXXXX-X8121, in New York, New York |
| THREE | 3/26/07 | ANGELA COTTON and TERRAL TOOLE | Mylor Financial | Wire transfer of $1,288,758 from Bank of New York account number XXXXXX4329, in New York, New York, through the Funds Transfer Host Application at the Federal Reserve Bank in East Rutherford, New Jersey, to Bank of America account number XXXXX-X8121, in New York, New York per request from Aliso Viejo, California |

| COUNT | DATE | DEFENDANTS | FINANCIAL INSTITUTION | WIRE |
|-------|------|------------|----------------------|------|
| FOUR | 4/13/07 | ANGELA COTTON, TERRAL TOOLE, and MILES DAVIS | New Haven Financial | Wire transfer of $714,030 from Union Bank of California account number XXXX2673, in Los Angeles, California, to Bank of America account number XXXXX-X8121, in New York, New York |
| FIVE | 7/19/07 | ANGELA COTTON, MILES DAVIS, and LISA LIEVANOS | Bridgelock Capital | Wire transfer of $787,500 from Wells Fargo Bank account number XXXXX5686, in San Francisco, California, to Bank of America account number XXXXX-X8121, in New York, New York per request from Woodland Hills, California |

///

///

///

COUNTS SIX THROUGH TEN

[18 U.S.C. §§ 1957, 2]

9.   The Grand Jury hereby repeats and realleges paragraphs 1 and 3(a)-(k) of this Indictment as if fully set forth herein.

10.   On or about the dates set forth below, in Los Angeles and San Bernardino Counties, within the Central District of California and elsewhere, defendants ANGELA COTTON, TERRAL TOOLE, MILES DAVIS, and LISA LIEVANOS, as set forth below, aided and abetted by others known and unknown to the Grand Jury, knowing that the funds involved represented the proceeds of some form of unlawful activity, conducted, and willfully caused others to conduct, the following monetary transactions in criminally derived property of a value greater than $10,000, which property, in fact, was derived from specified unlawful activity, namely wire fraud, in violation of Title 18, United States Code, Section 1343:

| COUNT | DATE | DEFENDANTS | MONETARY TRANSACTION |
|-------|------|-----------|---------------------|
| SIX | 2/2/07 | ANGELA COTTON and TERRAL TOOLE | Wire transfer of $70,500 from Orange Title's Bank of America account number XXXXX-X8121 to Wells Fargo Bank, account number XXXXXX7245, held in the name of B.G. |

| COUNT | DATE | DEFENDANTS | MONETARY TRANSACTION |
|-------|------|-----------|---------------------|
| SEVEN | 2/16/07 | ANGELA COTTON and TERRAL TOOLE | Wire transfer of $50,000 from Orange Title's Bank of America account number XXXXX-X8121 to Wells Fargo Bank, account number XXXXXX7245, held in the name of B.G. |
| EIGHT | 3/26/07 | ANGELA COTTON and TERRAL TOOLE | Wire transfer of $50,000 from Orange Title's Bank of America account number XXXXX-X8121 to Wells Fargo Bank, account number XXXXXX7245, held in the name of B.G. |
| NINE | 7/19/07 | ANGELA COTTON and MILES DAVIS | Bank transfer of $38,250 from Orange Title's Bank of America account number XXXXX-X8121 to Bank of America, account number XXXXX-X1172, held in the name of defendant DAVIS |
| TEN | 7/26/07 | ANGELA COTTON and LISA LIEVANOS | Purchase of cashier's check in the amount of $20,000 from Orange Title's Bank of America account number XXXXX-X8121 payable to defendant LIEVANOS |

///

///

///

COUNT ELEVEN

[31 U.S.C. § 5324(a)(3), (d)(1)]

11.  On or about the dates listed below, in Los Angeles County, within the Central District of California and elsewhere, defendant MILES DAVIS, did knowingly and for the purpose of evading the reporting requirements of section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure the following transactions with domestic financial institutions, to wit, two withdrawals of currency in the amounts listed below, from the bank account of defendant MILES DAVIS, number XXXXX-X1172, at Bank of America, in violation of Title 31, United States Code, Section 5324(a)(3):

| DATE | DESCRIPTION |
|---|---|
| 7/23/07 | Teller cash withdrawal of $9,900 |
| 7/25/07 | Teller cash withdrawal of $9,900 |

///

///

///

COUNT TWELVE

[18 U.S.C. § 1001(a)(2)]

12.   On or about August 21, 2007, in San Bernardino County, within the Central District of California, and elsewhere, in a matter within the jurisdiction of the executive branch of the government, specifically the Federal Bureau of Investigation, defendant LISA LIEVANOS knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, in that defendant LIEVANOS said to a Special Agent of the Federal Bureau of Investigation that she had received $20,000 on July 26, 2007, from Orange Title as a loan referral fee.  In truth and in fact, as defendant LIEVANOS then well knew, she had received the $20,000 on July 26, 2007, as payment for the use of her personal identification information as a straw buyer in an application for a loan to purchase a property.

///
///
///

COUNT THIRTEEN

[18 U.S.C. § 1512(b)(3)]

13.  The Grand Jury hereby repeats and realleges paragraphs 1 and 3(a)-(k) of this Indictment as if fully set forth herein.

14.  On or about August 23, 2007, in Los Angeles and San Bernardino Counties, within the Central District of California, defendant ANGELA COTTON knowingly corruptly persuaded, attempted to corruptly persuade, and engaged in misleading conduct toward defendant MILES DAVIS, with the intent to hinder, delay, and prevent the communication of information to Special Agents of the Federal Bureau of Investigation relating to the commission and possible commission of federal offenses, namely, conspiracy, in violation of 18 U.S.C. § 371; wire fraud, in violation of 18 U.S.C. § 1343; and engaging in transactions in criminally derived property, in violation of 18 U.S.C. § 1957.  Specifically, defendant COTTON told defendant DAVIS to tell special agents of the FBI that he had received loan documentation from Ray Skinner, when in truth and fact, as defendant COTTON then well knew, defendant DAVIS had received the loan documentation from defendant COTTON.

///

///

///

COUNT FOURTEEN

[18 U.S.C. § 1512(b)(3)]

15.   The Grand Jury hereby repeats and realleges paragraphs 1 and 3(a)-(k) of this Indictment as if fully set forth herein.

16.   On or about August 23, 2007, in Los Angeles and San Bernardino Counties, within the Central District of California, defendant ANGELA COTTON knowingly corruptly persuaded, attempted to corruptly persuade, and engaged in misleading conduct toward defendant MILES DAVIS, with the intent to hinder, delay, and prevent the communication of information to Special Agents of the Federal Bureau of Investigation relating to the commission and possible commission of federal offenses, namely, conspiracy, in violation of 18 U.S.C. § 371; wire fraud, in violation of 18 U.S.C. § 1343; and engaging in transactions in criminally derived property, in violation of 18 U.S.C. § 1957.   Specifically, defendant COTTON told

///

///

///

1  defendant DAVIS to shred, bleach, and discard fraudulent loan

2  documentation.

3                              A TRUE BILL

4

5                         _____"/S/"_____

6                              Foreperson

7

   THOMAS P. O'BRIEN
8  United States Attorney

9  _Christine C Ewell_

10 CHRISTINE C. EWELL
   Assistant United States Attorney
11 Chief, Criminal Division

12

   RANEE A. KATZENSTEIN
13 Assistant United States Attorney
   Acting Chief, Major Frauds Section
14

15 ALKA SAGAR
   Assistant United States Attorney
16 Deputy Chief, Major Frauds Section

17

   STEPHANIE YONEKURA McCAFFREY
18 SARAH J. HEIDEL
   Assistant United States Attorneys
19 Major Frauds Section

20

21

22

23

24

25

26

27

28